# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **CLARA M. GOMEZ**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 16 C 8445 |
| | ) |
| **LTI SERVICE** and **RR DONNELLEY**, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

Clara Gomez ("Gomez") has used the Clerk's-Office-supplied form of "Complaint of Employment Discrimination" ("Complaint") to file a pro se action against LTI Services ("LTI") and RR Donnelley ("Donnelley"), charging them with several types of employment discrimination during her short tenure as a mail sorter for LTI or Donnelley or both.[1] Gomez has accompanied the Complaint with another Clerk's-Office-supplied form, an In Forma Pauperis Application ("Application").[2] This memorandum order is issued sua sponte to address some problematic aspects of Gomez's filings.

Because another attachment to the Complaint, an EEOC right-to-sue letter, relates only to the Charge against LTI, it is unclear whether any claim against Donnelley is ripe to be litigated

---

[1] Gomez has attached as exhibits to her Complaint two identical EEOC Charge of Discrimination ("Charge") forms, both dated February 10, 2015 and signed by her, and each naming one of the two defendants as her employer during the same period.

[2] Under the circumstances described in this memorandum order, the Application will not be addressed at this time.

(just as the entire situation as to the identity of Gomez's former employer is unclear from her filings). But there is an additional problem as well:

1. According to each Charge, Gomez's employment began about May 2013 and she was discharged the day before Christmas in 2014 -- yet Complaint ¶ 16(f), hand-printed by Gomez herself, seeks a payment of damages "for the last <u>three</u> years since I was fired" (emphasis added) and goes on to state:

    I didn't work from December <u>2013</u> to May 2016.

2. If that latter information provided by Gomez herself is accurate, her February 10, 2015 filing of Charges was untimely and this action must be dismissed. And besides that, the only fact proffered to support Gomez's discrimination claims is set out (again in hand-printed form) in Complaint ¶ 13:

    They did not provide interpreters during meeting.

    Just how that meets the statutory standard for actionable employment discrimination is left unexplained.

In sum, Gomez's submissions convey more questions than they answer. Accordingly she is ordered to file, in time to be received in this District Court on or before September 23, 2016, an original and one copy of either an Amended Complaint or a supplement to the original Complaint, in either case providing all of the missing information referred to in this

memorandum order.³  This Court will use that information to determine whether and on what terms this litigation may go forward.

                                                                          _____
                                                                          Milton I. Shadur
                                                                          Senior United States District Judge

Date:  September 6, 2016

---

³ That extra copy is needed to serve as the courtesy Judge's Copy, as required by this District Court's LR 5.2(f).