# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **CLARA M. GOMEZ**, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 16 C 8445 |
| ) | |
| **LTI SERVICE** and **RR DONNELLY**, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM ORDER

On September 28, 2016 this Court issued a memorandum order (the "Order," a copy of which is attached to this memorandum order) that said this about the efforts of pro se plaintiff Clara Gomez ("Gomez") to pursue her self-prepared Complaint of Employment Discrimination without the professional help that a lawyer could provide:

> What is abundantly clear from all of Gomez' submissions is that she cannot handle her grievance on her own -- that is, without the assistance of counsel. Because the only Clerk's-Office-supplied forms that she has filled out and submitted are a Complaint of Employment Discrimination and an In Forma Pauperis Application, but not a Motion for Attorney Representation ("Motion"), this Court is transmitting to her, together with a copy of this memorandum order, three copies of the latter form. Gomez is urged to complete that form and to transmit two counterparts of the form (one for filing and the other to serve as the Judge's Copy) to the Clerk's Office, retaining the third copy for herself.

For that reason the Order went on to confirm the transmittal to Gomez of three copies of the Clerk's-Office-supplied form Motion for Attorney Representation ("Motion") to enable this Court to obtain legal representation for her by a member of this District Court's trial bar.

Despite this Court's efforts in that respect, it has not received such a Motion during the intervening month-plus since September 28, and the case docket reflects no filings of any type by Gomez since then. Although this Court has no desire to reject Gomez' effort to pursue her claim

(indeed, as what has been said to this point shows, exactly the opposite is true), a continued lack of response on her part would leave no choice other than to dismiss her Complaint and this action for want of prosecution.

This Court will afford Gomez one last chance to stay in court. Because it is possible that she has not retained the Motion forms already sent to her, another set is being transmitted to her with a copy of this memorandum order -- and if she does not properly complete and return two counterparts of that form to the Clerk's Office in time to be received there on or before November 28, dismissal for want of prosecution will be ordered.

                                                                         Milton I. Shadur
                                                                         Senior United States District Judge

Date: November 7, 2016

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **CLARA M. GOMEZ**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 16 C 8445 |
| | ) |
| **LTI SERVICE** and **RR DONNELLEY**, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

This Court's September 6, 2016 memorandum order (the "Order") was issued sua sponte "to address some problematic aspects" (really an understatement) of the Complaint of Employment Discrimination ("Complaint") and other filings by pro se plaintiff Clara Gomez ("Gomez"). After having identified several such problems that needed to be addressed by Gomez at the outset (really as a minimal prerequisite to Gomez' ability to proceed with her lawsuit), the Order concluded by granting her something over two weeks to file "an original and one copy of either an Amended Complaint or a supplement to the original Complaint, in either case providing all of the missing information referred to in this memorandum order."

In attempted response to that directive, on September 19 Gomez transmitted to the Clerk's Office a copy of the Order itself together with a hodgepodge of materials of an evidentiary nature. There is one thing that the current submissions did clear up -- the only matter that Gomez had set out in Complaint ¶ 13, which called for "[t]he facts supporting the plaintiff's claim of discrimination," was an opaque statement that defendants "did not provide interpreters during meeting." It now turns out that Gomez' claim relates to her hearing, or more accurately

ATTACHMENT

her lack of hearing, for some of her current submissions acknowledge that she is deaf, and she alleges that she has been discriminated against because of that disability.

What is abundantly clear from all of Gomez' submissions is that she cannot handle her grievance on her own -- that is, without the assistance of counsel. Because the only Clerk's-Office-supplied forms that she has filled out and submitted are a Complaint of Employment Discrimination and an In Forma Pauperis Application, but not a Motion for Attorney Representation ("Motion"), this Court is transmitting to her, together with a copy of this memorandum order, three copies of the latter form. Gomez is urged to complete that form and to transmit two counterparts of the form (one for filing and the other to serve as the Judge's Copy) to the Clerk's Office, retaining the third copy for herself.

In completing the form, Gomez should be sure to fill in the blank space in paragraph 2, which asks her to identify whatever effort she has made to obtain counsel on her own. Those efforts need not be extensive, but some showing must be made to satisfy the requirement established by our Court of Appeals in that respect. As soon as the Motion is received in proper form, this Court plans to act on it so that Gomez' case can go forward in an appropriate way.

_____
Milton I. Shadur
Senior United States District Judge

Date: September 28, 2016