IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ILLINOIS
                      EASTERN DIVISION

**CLARA M. GOMEZ**,                    )
                Plaintiff,             )
                                       )
        v.                             )    Case No. 16 C 8445
                                       )
**LTI SERVICE** and **RR DONNELLEY**,  )
                                       )
                Defendants.            )

                      **MEMORANDUM ORDER**

    This Court has attempted to extend every effort to assist Clara Gomez ("Gomez") in her effort to pursue her self-prepared Complaint of Employment Discrimination ("Complaint') -- it has extended several efforts to obtain from her an intelligible Motion for Attorney Representation ("Motion") that contains the statement of efforts she has made on her own to obtain representation (a requirement specified by our Court of Appeals as a precondition to entertaining such a motion).  Despite those efforts by this Court, Gomez's most recent filing of such a Motion does not really address that requirement in a realistic way -- it simply explains that her inability to find an attorney is due to "too much time spent at work."  It is also worth noting that the mixed materials that Gomez had previously tendered in this action included the attached December 17, 2014 letter from LTI Services, which reflected sincere concerns about her then-existing problems with RR Donnelley (her employer at the time), as well as a strong desire to help, and yet her Complaint in this action sues LTI as well as Donnelley -- indeed, the only right-to-sue letter attached to the Complaint relates to a charge against LTI and none against Donnelley.

Despite this Court's concern as to the problems that confront any pro se litigant, and despite its corresponding effort to view such pro se plaintiffs' allegations through a more generous lens than is applicable when a plaintiff has counsel (see Haines v. Kerner, 404 U.S. 519 (1972)), there is really a limit to the extent to which a judge can play nursemaid in circumstances such as are presented here. Accordingly, as forecast in this Court's most recent memorandum order dated November 7, this action is dismissed for want of prosecution.

                                                                          _____
                                                                          Milton I. Shadur
                                                                          Senior United States District Judge

Date: November 29, 2016

**Evidence**



December 17, 2014

Ms. Clara Gomez
1326 Pearl St
Aurora, IL 60505

Re:   <u>Accommodation of Your Medical Condition</u>

Dear Clara:

This will confirm our conversation on December 12 regarding accommodations of your hearing impairment, and concerns you raised regarding supervisors employed by RR Donnelley. During our discussion, you requested an accommodation to assist you with communicating with your supervisors at RR Donnelley and attending monthly safety meetings.

LTI Services takes your concerns very seriously. We are committed to your success as an employee and to providing you with assistance and to address your concerns.

In regards to communicating with your supervisors at RR Donnelley, you stated that two supervisors (Jennifer Anderson and Kenny Guyton) employed by RR Donnelley recently ceased the practice of writing down instructions to you that has been in place for quite some time. I will speak with RR Donnelley and request that the supervisors immediately resume communicating with you in the same manner that has worked for the time you have been assigned to work there – by reducing their instructions to you in writing.

You also stated that you have trouble participating in the monthly safety meeting at RR Donnelley because you cannot hear the speakers. We can address this concern in two ways. First, we can set up equipment to enable you to use the same translation services via Skype that we used to communicate on Friday, December 12. Second, LTI Services will arrange for an interpreter to be present for the monthly safety meeting at its sole expense. Please let me know which accommodation that you prefer.

You raised other concerns with two supervisors employed by RR Donnelley: Jennifer Anderson and Kenny Guyton. Specifically, you stated that you: (1) want to be trained to work on other machines; (2) are moved to other lines without an explanation; (3) were offered a permanent job by RR Donnelley to start at $10, but you believed that rate was too low; and (4) are getting a sore shoulder by doing the same, repetitive work all the time and you want to do an easier job in the back of the warehouse. Finally, you raised general concerns that these supervisors are "mean" to you, talk behind your back and have not advanced you.

Attachment

   You did not provide specific examples or explain why you believed your supervisors allegedly treat you this way. Nevertheless, I understand that you have been in contact with Human Resources at RR Donnelley. I will contact Human Resources at RR Donnelley and raise your concerns with them. One of us will respond to these concerns.

   In the meantime, I encourage you to contact me directly to discuss your assignment to RR Donnelley, or if you have any questions about this letter.

Sincerely,

*Tom Warrick*

Tom Warrick
LTI Services
630-677-7330